UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL ELDER, 11387-055,

                      Petitioner,

            v.

UNITED STATES OF AMERICA,

                      Respondent.

**DECISION AND ORDER**
08-CV-282A
08-CV-284A
02-CR-82A
01-CR-182A

---

## I.    INTRODUCTION

Pending before the Court are identical motions under 28 U.S.C. § 2255 that petitioner Michael Elder filed in two separate criminal cases, Case No. 01-CR-182 (the "2001 Case") and Case No. 02-CR-82 (the "2002 Case"). Petitioner filed the same motion in both cases because the underlying facts of the cases occurred closely in time and because he was sentenced in both cases in one joint proceeding. Petitioner sought vacation of his sentence because the timing of his guilty plea in the 2001 Case, the lack of consideration he received in exchange for his plea, and the failure to object to various sentencing calculations allegedly amounted to ineffective assistance of counsel. In opposition, respondent argued that the timing of petitioner's guilty plea in the 2001 Case had no impact on sentencing and that all of the issues that petitioner

has raised about his sentencing were addressed on direct appeal.  For the reasons below, the Court will deny both motions.

## II.     BACKGROUND

The cases at issue here concerned allegations of bank robberies and felony possession of firearms.  In the 2001 Case, petitioner was charged on September 18, 2001 with one count of felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of felony possession of ammunition in violation of the same statutes.  On October 21, 2003, petitioner pled guilty to the first count of the indictment.  The plea agreement that the parties reached contemplated a criminal history category of II.  Paragraph 10 of the plea agreement contained the following disclaimer concerning the parties' calculation of petitioner's criminal history category:

> The defendant understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the appropriate total offense level and criminal history category.  The defendant will not be entitled to withdraw the plea of guilty because of the Court's failure to adopt any Sentencing Guidelines calculations set forth in this agreement or because of an upward departure made by the Court.

(2001 Case, Dkt. No. 54.)

In the 2002 Case, petitioner was charged on April 29, 2003 in a five-count superseding indictment.  Counts One and Two charged petitioner with bank robbery in violation of 18 U.S.C. § 2113(a), and use of a firearm in relation to a

2

crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), both for a bank robbery that allegedly occurred on August 15, 2001. Counts Three and Four charged petitioner with violations of the same statutes for a bank robbery that allegedly occurred on August 30, 2001. Count Five charged petitioner with witness intimidation in violation of 18 U.S.C. §1512(b)(1). The Court presided over a trial in the 2002 Case in August 2003. On August 29, 2003, a jury convicted petitioner on the first three counts of the superseding indictment but acquitted him on the last two counts.

On June 24, 2005, the Court sentenced petitioner to 135 months of incarceration on Counts One and Three of the 2002 Case and 120 months on Count One of the 2001 Case, all to be served concurrently. The Court further sentenced petitioner to 60 months of incarceration on Count Two of the 2002 Case, to be served consecutively to the other term of incarceration. Petitioner's total term of incarceration amounted to 195 months, plus a five-year term of supervised release. Notably, the Court adopted the calculation of the Probation Office that placed petitioner in criminal history category III. This calculation accounted for petitioner's 1997 felony conviction, which was the only prior offense addressed in the plea agreement and which gave petitioner three points. This calculation also accounted for petitioner's March 2001 conviction for disorderly conduct, which added one point, and for the commission of the August 2001 bank robberies—*i.e.*, the offenses in question in the 2002

3

Case—during the conditional discharge period established following the March 2001 conviction. Pursuant to Section 4A1.1(d) of the Sentencing Guidelines, the Court added two more points to reflect offense conduct occurring during a period of conditional discharge. Petitioner thus accumulated a total of six points, putting him in criminal history category III.

Petitioner subsequently appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. Specifically, petitioner challenged his sentence as unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), and sought a declaration that his sentence was greater than necessary or appropriate under 18 U.S.C. § 3553(a). In an unpublished summary order dated January 16, 2007, the Second Circuit rejected all of petitioner's arguments as "without merit." Separately, the Second Circuit concluded "upon a review of the record that defendant's sentence was substantively reasonable and that the District Court did not err when considering the factors set forth in 18 U.S.C. §§ 3553(a)." *U.S. v. Elder*, 214 Fed. Appx. 6, 2007 WL 177910, at *1 (2d Cir. Jan. 16, 2007).

Petitioner filed the pending motions in both the 2001 Case and the 2002 Case on April 7, 2008. Petitioner raised six arguments in his motion papers. First, petitioner alleged ineffective assistance of counsel in that the timing of his plea in the 2001 Case led to an increase in his criminal history category from II, as contemplated in his plea agreement, to III. Second, petitioner alleged that his

4

guilty plea was invalid because he received no consideration or benefit in exchange for it.  Third, petitioner alleged ineffective assistance of counsel in that counsel did not contest the five-level sentencing enhancement that he received for possession of a firearm.  Fourth, petitioner alleged ineffective assistance of counsel in that counsel did not challenge the allegedly wrong evidentiary standard that the Court used at sentencing.  Fifth, petitioner alleged ineffective assistance of counsel in that counsel failed to argue that the enhancement for obstruction of justice was not authorized by the jury's verdict.  Sixth, petitioner alleged ineffective assistance of counsel in that counsel failed to appeal allegedly erroneous factual findings that supported the sentencing enhancements applied against him.  In opposition to petitioner's motion, respondent argued that petitioner received a notable benefit from his guilty plea, that petitioner failed to understand that his guilty plea had no effect on the calculation of his criminal history category, and that petitioner's sentence would not change even if he were correct about the timing of his guilty plea.

## III.  DISCUSSION

To prevail on his motion, petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  "But unless the claim alleges a

5

lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . . [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citations omitted). The Court will review the six arguments in petitioner's motion in this context.

### A. Issues Foreclosed by Direct Appeal

"The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court. Applying this general principle, we have held that section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal. Nevertheless, application of the doctrine remains a matter of discretion, not jurisdiction. We may find it appropriate to reconsider an earlier decision when we are confronted with an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *U.S. v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (internal quotation marks and citations omitted). Here, the last four of petitioner's six arguments challenging his sentence constitute explicit attempts to relitigate the calculation and propriety of his sentence. Apart from the rejection of the specific arguments that petitioner raised on direct appeal, the Second Circuit already reviewed petitioner's sentence in full and found it "substantively reasonable." That comprehensive

6

review now forecloses the arguments about evidentiary standards, factual findings, and sentencing enhancements that appear in petitioner's last four arguments. Petitioner has not made any of the showings required under *Becker* to warrant revisiting these arguments. Additionally, the Second Circuit's decision on direct appeal forecloses petitioner's second argument, the argument about consideration in exchange for his guilty plea, because petitioner could have raised that argument on appeal and did not. *See U.S. v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995) ("A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must show that there was cause for failing to raise the issue, and prejudice resulting therefrom.") (internal quotation marks and citations omitted). The Court thus rejects the second through sixth arguments from petitioner's motion.

### B. Ineffective Assistance of Counsel as to Plea in the 2001 Case

As noted above, petitioner has alleged ineffective assistance of counsel in that the timing of his plea in the 2001 Case led to an increase in his criminal history category when he was sentenced for both of these cases. Specifically, petitioner has argued that had he "held off on his plea to the Felon in Possession charge, something he was persuaded not to do because of the representation that it would not adversely impact his robbery sentence, his Criminal History Category would have rested at Category II and his Guideline sentence would have horizontally adjusted at a range of 121 to 151 months (exclusive of the

7

mandatory minimum and consecutive 60-months imposed for the robbery related § 924(c)(1) charge). Instead, the conviction resulting from the plea was calculated into his Criminal History when determining the robbery guidelines and he was exposed to a higher sentence in a manner that he should not have been had counsel thought these impacts through." (2002 Case, Dkt. No. 130 at 19.) In opposition, respondent noted that the discrepancy between the criminal history category that the parties calculated in the plea agreement and the one that the Probation Office calculated at sentencing resulted from the parties' failure to account for his March 2001 conviction and the violation of conditional discharge that followed.

"[A]ll sentencing proceedings must commence with the District Court's calculation of the applicable Guidelines range, with the Guidelines as the starting point and the initial benchmark." *U.S. v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009) (internal quotation marks and citation omitted). This mandate to commence with a calculation of the applicable Guidelines range implies a parallel mandate to make sure that the calculation is correct. In accordance with this mandate, the Court has authority to ignore any incorrect stipulations or calculations about a criminal history category, as long as the plea agreement somehow conveys that any errors related to the criminal history category will not void the plea. *See U.S. v. Rosen*, 409 F.3d 535, 548–49 (2d Cir. 2005) ("An agreement that has made such express provisions with respect to the possibility

8

of a mistaken prediction as to sentencing calculations is not a proper candidate for rescission on the ground of mutual mistake when that possibility has come to fruition."). Petitioner here finds himself in exactly the situation contemplated by both *Johnson* and *Rosen*. As noted above, paragraph 10 of petitioner's plea agreement from the 2001 Case stated that the Court would make its own independent calculation of his criminal history category, and that any discrepancies between the Court's calculation and the parties' calculation would not jeopardize the voluntary nature of the plea. Petitioner's plea agreement did indeed set an estimated criminal history category of II, but that agreement ignored the March 2001 conviction and the conditional discharge period that followed. Violating the conditional discharge pushed petitioner from category II to category III, and that violation led to the 2002 Case. The violation had nothing at all to do with the 2001 Case, meaning that the timing of petitioner's plea in the 2001 Case was irrelevant to the addition of the two points that pushed petitioner into criminal history category III. Under these circumstances, an inconsequential concern about the timing of a guilty plea cannot rise to the level of ineffective assistance of counsel. *Cf. U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.") (citation omitted), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 404 n.8 (2003). The Court thus rejects the first argument from petitioner's motion.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies petitioner's motions in Case Nos. 01-CR-182 and 02-CR-82. The Clerk of the Court is directed to close the associated civil cases, Case Nos. 08-CV-282 and 08-CV-284.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within thirty (30) days of the entry of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 15, 2010